UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ATEET KOSARAJU,

                Plaintiff,

-against-

MATTHEW BRIAN GORDON, E3 INVESTMENT GROUP, LLC, and E3 INVESTMENT GROUP 51, LLC,

                Defendants.

No. 17-CV-00383 (NSR)
OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

On or about January 19, 2017, Plaintiff Ateet Kosaraju ("Plaintiff" or "Kosaraju") commenced the instant action against Defendants E3 Investment Group, LLC, E3 Investment Group 51, LLC (collectively, the "Corporate Defendants") and Matthew Brian Gordon (collectively, the "Defendants") alleging that Defendants exploited the U.S. Citizenship and Immigration Service's EB-5 Immigrant Investor Program and engaged in a scheme to defraud him of over $555,000.00. (ECF No. 1). On May 3, 2017, Plaintiff filed an Amended Complaint alleging similar claims. (ECF No. 19). On March 15, 2018, the Court issued an Opinion staying the action and compelling the parties to procced before an arbitrator pursuant to the Federal Arbitration Act ("FAA") ( 9 U.S.C.A. § 1 et seq.). (ECF No. 44). On August 9, 2019, Richard L. Mattiaccio, the arbitrator to whom the claims were submitted, issued an opinion, denominated as a "Final Award," wherein he denied and dismissed Plaintiff's direct claims and Defendants' counterclaims. (ECF No. 52, Petition to Confirm Arbitration Award, Exh. A.)



Presently before the Court is Defendants' motion/petition to confirm the arbitrator's Final Award. (ECF No. 52). Plaintiff has yet to file any opposition to the motion.[1] For the reasons that follow, Defendants' motion to confirm is GRANTED.

**DISCUSSION**

Generally, confirmation of an arbitrator's award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir.2006) *quoting Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir.1984). A party seeking to confirm an arbitrator's award must move within one year of the decision, and the order confirming the award must be granted unless the award is vacated, modified, or corrected. 9 U.S.C. § 9 (2012). An arbitration award should be confirmed upon a showing that there is a "barely colorable justification for the outcome reached." *Nutrition 21, Inc. v. Wertheim*, 150 F. App'x 108, 109 (2d Cir.2005) *quoting Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 260 (2d Cir.2003). A district court may vacate an arbitrator's award upon a showing that: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrator(s); (3) the arbitrator(s) was guilty of misconduct in refusing to postpone the hearing, refused to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of a party has been prejudiced; or (4) the arbitrators exceeded their scope of authority. 9 U.S.C § 10(a). A party seeking to avoid summary confirmation of an arbitration award bears a high burden. *See Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.1997) (*citation omitted*).

There being no opposition to the motion to confirm the arbitrator's Final Award and no

---

[1] Plaintiff sought and was granted an extension of time to oppose the motion. (ECF No. 53).

2

showing that warrants vacatur, pursuant to 9 USC § 10, the Court GRANTS Defendants' motion to confirm the arbitrator's award. In accordance with the award, Plaintiff's claims are deemed dismissed and Defendants' cross-claims are likewise dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to confirm the arbitration award is GRANTED. In accordance with the award, all claims and counterclaims are deemed dismissed. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 5 and to close the action.

Dated: September 20, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge